## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUDY STANKO,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  10-724 (JEB)** |
| **FEDERAL BUREAU OF PRISONS,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Rudy Stanko was at the time he filed this suit a federal prisoner.  Now released, this prolific litigant maintains yet another action against the Federal Bureau of Prisons, this one pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  He claims that BOP has wrongfully withheld documents that he is entitled to under FOIA.  On July 6, 2011, this Court issued a lengthy Memorandum Opinion granting in part and denying in part BOP's Motion for Summary Judgment.  Now that Defendant believes it has cured the deficiencies addressed in the Opinion, it has once again brought a dispositive motion.  This time it succeeds in full.

### I.      Background

The history of this litigation is set out in the Court's prior Opinion.  <u>See</u> ECF No. 31.  For current purposes, a very brief summary will suffice.  This case stems from five separate FOIA requests that Plaintiff submitted to BOP between February 2009 and April 2010.  The Court granted summary judgment to BOP in regard to the second, third, and fourth requests, but found BOP's position insufficient as to the first and fifth.  The first, FOIA No. 2009-7754, related to a box and an envelope of documents confiscated from Plaintiff's cell.  The Court held that "[t]he contents of the confiscated box and envelope responsive to this request must be catalogued in

greater detail and, if withheld, such withholding must be supported by valid exemptions on a document-by-document or category-by-category basis." Mem. Op. at 31.  As to the fifth request, FOIA No. 2009-7080, the Court found the exemptions and withholding proper, but could not determine the adequacy of the search.  As a result, it ordered that "Defendant must provide further detail about the search conducted." Id. at 32.

BOP, four months later, has filed a renewed Motion for Summary Judgment, setting forth how it addressed the Court's previous concerns.  Specifically, BOP details the particulars of its search in regard to No. 7080 and provides a detailed Vaughn Index explaining which documents it withheld and under what exemptions for No. 7754.  See Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973) ("[C]ourts will simply no longer accept conclusory and generalized allegations of exemptions[] . . . but will require a relatively detailed analysis in manageable segments.").

Plaintiff not only opposed the renewed Motion for Summary Judgment, but he also filed a Motion for Leave to File an Amended Complaint.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).   "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at

248.  Factual assertions in the moving party's affidavits or declarations may be accepted as true

unless the opposing party submits his own affidavits, declarations, or documentary evidence to

the contrary.  <u>Neal v. Kelly</u>, 963 F.2d 453, 456 (D.C. Cir. 1992).

      FOIA cases typically and appropriately are decided on motions for summary judgment.

<u>Defenders of Wildlife v. U.S. Border Patrol</u>, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); <u>Bigwood v.</u>

<u>United States Agency for Int'l Dev.</u>, 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  A defendant agency

seeking summary judgment in a FOIA case must demonstrate that no material facts are in

dispute, that it has conducted an adequate search for responsive records, and that each responsive

record that it has located has been produced to the plaintiff or is exempt from disclosure.

<u>Students Against Genocide v. Dep't of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001).  In a FOIA

case, the Court may grant summary judgment based solely on information provided in an

agency's affidavits or declarations if they are relatively detailed and "describe the documents and

the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by

either contrary evidence in the record nor by evidence of agency bad faith."  <u>Military Audit</u>

<u>Project v. Casey</u>, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are

accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents.'"  <u>SafeCard Servs., Inc. v. Sec. &</u>

<u>Exch. Comm'n</u>, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting <u>Ground Saucer Watch, Inc. v.</u>

<u>Cent. Intelligence Agency</u>, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.  Analysis**

    A.  <u>Adequacy of Search in 2009-7080</u>

Plaintiff's request labeled FOIA 2009-7080 sought records regarding his transfer between federal prisons and separation orders concerning him. <u>See</u> Mem. Op. at 23 (detailing full request). The Court faulted BOP's declarations regarding the extent of the search because "no indication is given of what sources of information were searched, or by whom, or by what means." <u>Id.</u> at 25. Instead, "[t]he agency's declarations offer only that NCRO coordinated a search for responsive records with a BOP field office, and that 'BOP's search was reasonably calculated to uncover all relevant documents.'" <u>Id.</u> at 24 (citing BOP declaration). The Court thus denied summary judgment.

BOP has since rectified its omission. Its renewed Motion attaches the Declaration of Jennifer Wrede, a paralegal specialist at FCC Terre Haute, which explains in painstaking detail the search she conducted for responsive records. For example, she explained how she searched Inmate Central Files, which are sorted by housing unit and each divided into six different sections. <u>See</u> Motion, Exh. 3 (Decl. of Jennifer Wrede), at 3. In addition, she looked in Plaintiff's Privacy Folder, located "on top of Section 5 of the inmate's Central File." <u>Id.</u> at 3-4. This is clearly sufficient to constitute an adequate search.

In the context of FOIA, "to meet its burden to show that no genuine issue of material fact exists, with the facts viewed in the light most favorable to the requester, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." <u>Weisberg v. U.S. Dept. of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal quotations omitted). There is no requirement that an agency search every record system in response to a FOIA request, but only those records that are likely to have responsive documents. <u>Porter v. C.I.A.</u>, 778 F. Supp. 2d 60, 69 (D.D.C. 2011). The adequacy of an agency's search is measured by a standard of reasonableness under the attendant circumstances. <u>Truitt v. Dep't of</u>

State, 897 F.2d 540, 542 (D.C. Cir. 1990).  In making its showing, an agency may employ

reasonably detailed, nonconclusory affidavits, submitted in good faith.  Id.  Generally, when an

agency has done so, a plaintiff must provide specific evidence suggesting that requested

information remains in the agency's files as a result of an inadequate search.  See Perry v. Block,

684 F.2d 121, 128 (D.C. Cir. 1982).  "Meticulous documentation" of the "details of an epic

search for the requested records" is not required.  Id. at 127.

Given BOP's support for its renewed Motion on this issue, Plaintiff does not in his

responses ever challenge the adequacy of the search.  This concession notwithstanding, the Court

independently finds it adequate and, accordingly, summary judgment is appropriate on this issue.

B.  Withholdings in 2009-7754

The Court's difficulty with BOP's original Vaughn Index for this request was that it

"list[ed] only one 'document' -- namely, '[o]ne Copy Paper Box and one 3" by 14" envelope of

confiscated legal material.'"  Mem. Op. at 9.  Given its ignorance of what the box and envelope

actually contained, the Court could not "determine whether Exemption 7(F) – or any exemption,

for that matter – can justify the withholding of a box of 'legal material.'"  Id.   The Court,

similarly, held that "the record as it is does not allow an analysis of the segregability of materials

within the box confiscated."  Id.  "Although the agency need not justify withholdings document

by document, and can instead do so category-of-document by category-of-document, 'its

definitions of relevant categories [must be] "sufficiently distinct to allow a court to determine . . .

whether the specific claimed exemptions are properly applied."'"  Id. at 9-10 (quoting Gallant v.

N.L.R.B., 26 F.3d 168, 173 (D.C. Cir. 1994) (quoting Vaughn v. United States, 936 F.2d 862,

868 (6th Cir. 1991))).

Once again, given a second bite at the apple, BOP has shored up its prior submissions.  It now has submitted a Vaughn Index that separates out six different groups of documents pertaining to this request.  Within each group, it breaks down in specific detail all of the different documents, the number of pages of each, the exemption(s) claimed, and a justification for such exemption(s).  See Motion, Second Decl. of Kara Christenson, Attach. A (Vaughn Index).  As to groups three through six, BOP is in the process of releasing them to Stanko, his having recently submitted a check for copying fees.  Def. Reply at 2.  The only documents at issue, therefore, are those listed in groups one and two.

1.  *Group One Documents*

Group one contains a series of documents, almost all of which are legal materials belonging to other BOP inmates.  The remainder are other types of documents belonging to other inmates.  These were withheld pursuant to Exemptions 6 and 7(C).  See Vaughn Index at 1-5.

As to Exemption 7 and its subsections generally, records and information withheld thereunder must be compiled "for a law enforcement purpose." § 552 (b)(7). This protection extends to both investigatory and non-investigatory records. See Tax Analysts v. IRS, 294 F.3d 71, 79 (D.C. Cir. 2002) (explaining that 1986 FOIA amendments deleted "any requirement" that information be investigatory and emphasizing that "legislative history makes it clear that Congress intended the amended exemption to protect both investigatory and non-investigatory materials, including law enforcement manuals and the like").  As these documents were seized as part of a "criminal investigation into Plaintiff Stanko's threats of filing liens against [BOP] staff," see Second Christenson Decl. at 8, they satisfy the law-enforcement-purpose requirement.

Exemption 7(C) allows for the withholding of records compiled for law enforcement purposes if disclosure "could reasonably be expected to constitute an unwarranted invasion of

personal privacy." § 552 (b)(7)(C). "To determine whether disclosure of certain information would constitute an unwarranted invasion of privacy, the Court must balance the public interest in disclosure against the privacy interest of the individual mentioned in the record." <u>Blanton v. Dep't of Justice</u>, 63 F. Supp. 2d 35, 45 (D.D.C. 1999). Because there is a strong privacy interest in information contained in law enforcement records, this exemption allows categorical withholding of information regarding third parties. <u>See Dep't of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 776-77 (1989); <u>Blanton</u>, 63 F. Supp. 2d at 45 ("The privacy interests of third parties mentioned in law enforcement files are 'substantial,'" while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial.") (quoting <u>SafeCard</u>, 926 F.2d at 1205).

BOP does not even rely on this categorical withholding since it breaks out group one into specific documents. And Plaintiff has proffered no public interest whatsoever in the release of other inmates' legal material. The balancing thus clearly tips in favor of BOP. As they are documents belonging to other inmates and containing identifying information and facts about those inmates, they are appropriately exempt under 7(C).

> 2. *Group Two Documents*

The documents withheld in group two consist of two sets of documents that were "used as civil complaints by Plaintiff Stanko against BOP staff and "[l]ien and UCC filing materials . . ., including draft liens against a federal judge and BOP employees." <u>See</u> Vaughn Index at 6-7. Some of these documents were falsely notarized. <u>Id.</u> For the withholdings in this group, BOP relied on Exemptions 6, 7(C), 7(E), and 7(F). <u>Id.</u>

Once again Exemption 7(C) is applicable here since the liens contain personal information about BOP employees and a federal judge. Disclosure would work an unwarranted

invasion of their personal privacy.  There is, of course, no public interest whatsoever in

Plaintiff's obtaining such information so as to file false liens.  Indeed, BOP would be aiding and

abetting his misdeeds were they to surrender this information.  Nor is this an unwarranted fear by

BOP since Plaintiff has previously been found by a federal court to have filed documents

containing lien threats against a dozen BOP officials and staff.  See Stanko v. Ebbert, 2011 WL

1466382 (M.D. Pa. Apr. 18, 2011), aff'd, Stanko v. Obama, 434 Fed. Appx. 63 (3d Cir. 2011).

Given the applicability of 7(C), the Court need not address BOP's other claimed exemptions.

     C.  Amending Complaint

     Plaintiff, in opposing BOP's Motion for Summary Judgment, alternatively seeks to

amend his Complaint.  Although the Court previously denied him leave to do so in order to add a

claim under the Privacy Act, see Order of June 2, 2011, Plaintiff now seeks to rely solely on the

Privacy Act and forgo any FOIA claim.  See Motion for Leave to File Amended Complaint, Exh.

1 (Proposed Amended Complaint) at 1 ("This is an action invoked pursuant to the Privacy Act

(PA), 5 USC § 552a, NOT THE FOIA (5 USC § 552) to have the Court intervene by

ORDERING the production of agency records previously requested, but denied by the

Defendant").

     A plaintiff may amend his complaint once as a matter of course within 21 days of serving

it or within 21 days of the filing of a responsive pleading, whichever is earlier.  Fed. R. Civ. P.

15(a)(1).  Otherwise, the plaintiff must seek consent from the defendant or leave from the Court.

The latter "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In

deciding whether to grant leave to file an amended complaint, courts may consider "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (U.S. 1962).  In

this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason."

<u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Furthermore, under Rule 15, "the

non-movant generally carries the burden in persuading the court to deny leave to amend."

<u>Nwachukwu v. Karl</u>, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile.  In

other words, if the proposed amendment would still render the complaint deficient, courts need

not grant leave.  <u>See</u> <u>In re Interbank Funding Corp. Securities Litigation</u>, 629 F.3d 213, 218

(D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended

pleading would not survive a motion to dismiss.") (citing <u>Forman</u>, 371 U.S. at 182, for

proposition that "'futility of amendment' is permissible justification for denying Rule 15(a)

motion"); <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may

deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a

motion to dismiss.").

Amendment would be futile because Plaintiff cannot maintain a Privacy Act claim

against BOP here, as Defendant is exempt from the provisions of the Act.  Under its terms, the

head of an agency may exempt any system of records if "maintained by an agency or component

thereof which performs as its principal function any activity pertaining to the enforcement of

criminal laws, including … correctional . . . authorities, and which consists of … reports

identifiable to an individual compiled at any stage of the process of enforcement of the criminal

laws . . . through release from supervision."  5 U.S.C. § 552a(j)(2). Pursuant to this authority,

BOP has exempted certain record systems from the Privacy Act, including the Inmate Central

Record System.  <u>See</u> 28 C.F.R. § 16.97(a)(4).  The central files are indeed where the documents

Plaintiff seeks are located.  See Wrede Decl. at 3.  Department of Justice regulations thus state:

"Because inmate records are exempt from disclosure under the Privacy Act (see 28 CFR 16.97),

inmate requests for records under the Privacy Act will be processed in accordance with the

FOIA."  28 C.F.R. 513.50.  Leave to amend on this ground would be futile.

Plaintiff also seeks leave to amend to add a claim under the Privacy Act, pursuant to

which he asks the Court "to ORDER records maintained by the Defendant destroyed, pursuant to

552a(e)(7), that describe[] how the Plaintiff 'exercises rights guaranteed by the First

Amendment.'"  See Proposed Amended Complaint at 1.  This section of the Privacy Act states

that an agency shall "maintain no record describing how any individual exercises rights

guaranteed by the First Amendment unless expressly authorized by statute . . . ." 5 U.S.C. §

552a(e)(7).  Plaintiff has not set forth in any comprehensible way what records he alleges BOP

maintains regarding his First Amendment rights.  Prisoner records – including records of how he

attempts to file false liens – hardly qualify as records regarding the exercise of his speech rights.

Amendment in this manner would thus also be futile.

Even absent futility, there is an independent ground for denial of leave to amend.  This

Motion to Amend comes a full eighteen months after the filing of his initial Complaint here, over

four months after the Court dismissed most of his case, and in the face of a renewed dispositive

motion.  These are claims he certainly knew of at the outset of this litigation, and, even if they

had a shred of merit, they should have been brought then.  If Plaintiff wants to pursue them, he

can file a new suit.  See Anderson v. USAir, Inc., 619 F. Supp. 1191, 1198 (D.D.C. 1985) ("If

the amended complaint alleged facts unknown prior to completion of discovery, the delay in

amending the complaint would be understandable. However, an analysis of the amended

complaint shows that no new facts are alleged to justify adding four counts."), aff'd, 818 F.2d 49

(D.C. Cir. 1987); <u>Acri v. International Ass'n of Machinists & Aerospace Workers</u>, 781 F.2d

1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed

favorably when the facts and the theory have been known to the party seeking amendment since

the inception of the cause of action.").

**IV.     Conclusion**

   The Court, therefore, will issue a contemporaneous Order this day granting Defendant's

Motion and dismissing the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: <u>Feb. 3, 2012</u>